**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| **JOHN GULIUS,** | * | |
| Plaintiff, | * | Case No. 3:20-CV-00270 |
| v. | * | Judge Thomas M. Rose |
| | | Magistrate Judge Sharon L. Ovington |
| **HEADS UP CYLINDER HEADS, LLC, et al.** | * | |
| | * | |
| Defendants. | | |

**PROTECTIVE ORDER REGARDING
CONFIDENTIAL AND PROPRIETARY INFORMATION**

By signing this Protective Order, the parties have agreed to be bound by its terms and to request its entry by the presiding District or Magistrate Judge. To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, adequately protect confidential and/or proprietary material, and ensure that protection is afforded only to material so designated, pursuant to the Court's authority, it is hereby ORDERED as follows:

A.) <u>Definitions</u>. For purposes of this Order, the following terms mean:

(a) the term "person" refers to all natural persons, corporations, unincorporated associations, partnerships, joint ventures, or other entities of any kind no matter how identified or how organized, and their directors, officers, employees, members, managers, and agents.

(b) the term "documents" as used herein means all writings of any kind, including the originals and all non-identical copies, whether different from the originals by reason of any notations made on such copies or otherwise; including, without limitation, correspondence, memoranda, notes, statistics, letters, telegrams, minutes, contracts, reports, studies, checks, statements, intraoffice and interoffice communications, offers, notations of any sort of conversations, telephone calls, meeting or other communications, bulletins, printed matter, computer printouts, teletypes, telefax, invoices, worksheets, and all drafts, alterations, modifications, changes and amendments of any of the foregoing, graphic or oral records or representations of any kind

        (including, without limitation, photographs, charts, graphs, microfiche, microfilm, videotape, records, motion pictures), and electronic, mechanical and/or electric records or representations of any kind (including, without limitation, tapes and software, cassettes, discs and recordings).

    (c)    the term "testimony" includes all depositions, affidavits, declarations, discovery responses, and any other evidence or discovery.

## I. DISCOVERY PHASE

A.) If a party, or a non-party producing information in this civil action, or an attorney for the party or non-party, has a good faith belief that certain documents or other materials (including digital information) subject to disclosure pursuant to a request or Court Order, are confidential and should not be disclosed other than in connection with this action and Federal Rules of Civil Procedure Rule 26(c):

B.) Pursuant to this Protective Order, the party, non-party, or attorney shall clearly mark each such document or other material as "CONFIDENTIAL." The individual or entity designating the document or materials as "CONFIDENTIAL" must take care to limit any such designation to specific documents or materials that qualify for protection under the appropriate standards. Mass, indiscriminate, or routine designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g. to unnecessarily encumber or delay the case development process or impose unnecessary expense and burden on another party) expose the designating individual or entity to sanctions. If it comes to the attention of the designating individual or entity that a document or other material has been improperly marked as "CONFIDENTIAL," the designating individual or entity must promptly notify all parties that the erroneous designation is being withdrawn and must replace the improperly designated document or material with a copy that is not marked "CONFIDENTIAL".

C.) If a party or an Attorney for a party disputes whether a document or other material should be marked "CONFIDENTIAL," the parties and/or attorneys shall attempt to resolve the dispute with the designating individual or entity. If they are unsuccessful, the party or attorney disputing the "CONFIDENTIAL" designation shall do so by filing an appropriate motion. However, the parties shall treat all documents designated as confidential in accordance with the requirements of this Order during the pendency of any motion or other procedure undertaken by the objecting party.

D.) The special treatment accorded the document(s) designated "CONFIDENTIAL" under this Order shall reach:

    (a)    All documents currently or hereafter designated "CONFIDENTIAL" under this Order;

    (b)    All copies, extracts, and complete or partial summaries prepared from such documents;

    (c)    Any portion of a deposition transcript or exhibit, or portion thereof, that discusses or refers to such documents (including contents thereof), copies, extracts or summaries; and,

    (d)    Any portion of any discovery answer or response, affidavit, declaration, brief, or other paper filed with the Court, or as an exhibit to such paper, that discusses or refers to such documents, copies, extracts or summaries.

E.)     Except with prior written consent of all parties asserting confidential treatment, and except as provided elsewhere in this Order, documents designated "Confidential" under this Order and all information contained in them or derived from them, may not be disclosed to any person, other than:

    (a)    The parties and counsel of record for the parties;

    (b)    Secretaries, paralegal assistants, and all other employees of such counsel who are assisting in the prosecution and/or defense of this lawsuit;

    (c)    Designated testifying experts;

    (d)    Consulting experts;

    (e)    Actual or potential deposition or trial witnesses in this action, to the extent reasonably necessary to prepare the witnesses to testify concerning this lawsuit. In no event, however, shall disclosure be made under this subparagraph to any witness who is or has been employed by or associated with any competitor or customer of the defendants unless the confidential documents in question were written by, seen by or copied to such witness;

    (f)    The Court and its employees, the triers of fact, court reporters (whether or not employed in or by the Court) transcribing testimony, and notarizing officers;

    (g)    Third-party vendor(s) assisting with and/or facilitating document and/or data acquisition and transfer (e.g., ESI service providers); and

    (h)    Those individuals identified in (a)-(g) above in the civil action pending in the U.S. District Court for the Southern District of Indiana, New Albany Division, Case No. 4:20-cv-00149-JMS-DML.

F.)     "Disclosure" is intended to be interpreted broadly, and means copying (including handwritten copies), exhibiting, showing, communicating, describing, allowing access to, or otherwise releasing to any person the documents subject to this order or any of these documents' content, except as expressly authorized by this Order.

G.)     The restrictions of this Order shall not apply to parties or nonparties, and their employees, attorneys, experts or their authorized agents, when reviewing their own confidential documents.

      H.)     No party or attorney or other person subject to this Protective Order shall distribute, transmit, or otherwise divulge any document or other material which is marked "CONFIDENTIAL," or the contents thereof, except in accordance with this Protective Order. Court personnel are not subject to this Protective Order while engaged in the performance of their official duties.

      I.)     Any document or other material which is marked "CONFIDENTIAL," or the contents thereof, may be used by a party, or a party's attorney, expert witness, consultant, or other person to whom disclosure is made, only for the purpose of this action. Documents designated "Confidential" under this Order, and all information contained in them or derived from them, may be used or referred to at depositions, in accordance with the provisions of this Order. Any confidential documents marked as deposition exhibits shall be stamped "CONFIDENTIAL" and maintained separately from the remainder of the deposition transcript and exhibits. When a party uses or refers to confidential documents or other information at a deposition, the portion of the deposition transcript that relates to such documents or information shall be maintained separately from the remainder of the transcript and shall be treated as confidential under the provisions of this Order. Any party may, within 15 days after receiving a deposition transcript, designate portions of the transcript, or exhibits to it, as confidential. At the deposition, the parties will attempt in good faith to preliminarily identify and designate confidential testimony and exhibits without prejudice to their right to so designate other testimony or exhibits or withdraw such designation after receipt of the transcript. Confidential deposition testimony or exhibits may be so designated by stamping the exhibits "CONFIDENTIAL" or by underlining the portions of the pages that are confidential and stamping such pages "CONFIDENTIAL." Until expiration of the 15-day period, the entire deposition transcript, and all exhibits to it, will be treated as confidential under the provisions of this Order. If no party or nonparty timely designates testimony or exhibits from a deposition as being confidential, none of the deposition testimony or exhibits will be treated as confidential. If a timely confidential designation is made, the confidential portions and exhibits shall be stamped confidential and maintained separately from the portions and exhibits not so marked and shall be treated as confidential under the provisions of this Order. Prior to sealing from public view any document marked "CONFIDENTIAL" or any portion of deposition testimony designated as "CONFIDENTIAL," the proponent of the "CONFIDENTIAL" material must first seek Court approval by written motion. The Court will independently determine whether the "CONFIDENTIAL" material may be sealed from public view in accord with *Shane Grp., Inc. v. Blue Cross Blue Shield,* 825 F.3d 299 (6th Cir. 2016). Leave of Court is required before any material designated as "CONFIDENTIAL" may be sealed from public view.

      J.)     If a party or attorney wishes to disclose any document or other material which is marked "CONFIDENTIAL," or the contents thereof, to any person actively engaged in working on this action (e.g., expert witness, paralegal, associate, consultant), the person making the disclosure shall do the following:

            (a)     Provide copy of this Protective Order to the person to whom disclosure is made;

            (b)     Inform the person to whom disclosure is made that s/he is bound by this Protective Order;

(c) Require the person to whom disclosure is made to sign a Declaration and Receipt Protective Order, a copy of which is attached hereto as **Exhibit A.**

(d) Instruct the person to whom disclosure is made to return any document or other material which is marked "CONFIDENTIAL," at the conclusion of the case, including notes or memoranda made from "CONFIDENTIAL" material; and

(e) Maintain a list of persons to whom disclosure was made and the "CONFIDENTIAL" materials which were disclosed to that person.

## II. POST-DISCOVERY PHASE

A.) If any party, non-party, or attorney wishes to file, or use as an exhibit or as evidence at a hearing or trial, any "CONFIDENTIAL" document or material, s/he must provide reasonable notice to the party that produced the document or material. The parties and/or attorneys shall then attempt to resolve the matter of continued confidentiality by either, (a) removing the "CONFIDENTIAL" marking, or (b) creating a mutually acceptable redacted version that suffices for purposes of the case. If an amicable resolution proves unsuccessful, the parties and/or attorneys may present the issue to the court for resolution. The opponent of continued confidentiality will have the burden of persuasion that the document or material should not be withheld from the public record in accordance with (a) Federal Rule of Civil Procedure Rule 26(c), (b) the CM/ECF Civil and Criminal User Manual in the Southern District of Ohio, and (c) controlling precedent. *See, e.g., Press-Enterprise Co. v. Superior Court*, 478 U.S. 1, 8–9 (1986); *Heraeus Kulzer, GmbH v. Biomet, Inc.*, 881 F.3d 550, 566-67 (7th Cir. 2018); *Braun Corp. v. Vantage Mobility Int'l*, LLC, 265 F.R.D. 330,332 (N.D. Ind. 2009).

B.) If another court or an administrative agency subpoenas or orders production of confidential documents that a party has obtained under the terms of this Order, such party shall immediately notify, prior to any production of such documents under the subpoena, the party who designated the document as confidential of the service of such subpoena or order, and provide that party with sufficient time in which to object.

C.) Within thirty days after the conclusion of the action, each party shall gather the "CONFIDENTIAL" materials, copies thereof, and related notes and memoranda, including materials given by that party to any other individual, and shall return them to the party or attorney who originally disclosed them, with a certificate of compliance with the terms of this Protective Order, unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of a receiving party or the party's expert witness or consultant, that party elects to destroy the documents and certifies to the producing party that it has done so. Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including drafts of preliminary reports submitted by an expert or consultant, which includes information produced as "CONFIDENTIAL," so long as that work product does not duplicate verbatim substantial portions or the text or images of confidential documents. Any such work product retained by an attorney shall continue to be "CONFIDENTIAL" and shall be subject to this protective order. The attorney may use his or her

work product in other litigation provided that the attorney does not use or disclose the confidential documents.

The Clerk is instructed to provide a copy of this Order to counsel of record and any unrepresented party.

<table>
<tr><td>April 20, 2021</td><td>s/Sharon L. Ovington<br>Sharon L. Ovington<br>United States Magistrate Judge</td></tr>
</table>

AGREED TO BY:

/s/*David P. Bolek*
David P. Bolek, Trial Attorney
Atty Reg No: 0087088
John K. Benintendi, Trial Attorney
Atty Reg No: 0063690
*Attorneys for Defendants Heads Up Cylinder Heads, LLC and Randall K. Brewer*
P.O. Box 145496
Cincinnati, OH 45250-5496
Tel: (513) 603-5272
Email: david_bolek@staffdefense.com;
John_benintendi@staffdefense.com
Fax: (513) 870-2900

/s/*Matthew M. Suellentrop*
Matthew M. Suellentrop, Trial Attorney
Atty. Reg. No. 0089655
*Attorney for Plaintiff John Gulius*
BIESER, GREER & LANDIS LLP
6 North Main Street, Suite 400
Dayton, Ohio 45402-1908
Tel: (937) 223-3277
E-mail: mms@biesergreer.com
Fax: (937) 223-6339

6

## EXHIBIT A

DECLARATION AND RECEIPT PROTECTIVE ORDER

I, _____, hereby certify that I have read, reviewed and understand the Protective Order entered in the above-captioned matter, and I agree to abide fully and be bound by its terms with respect to any documents, materials or information designated or marked "CONFIDENTIAL" under the Protective Order that is furnished to me in any manner.

I agree not to disclose to anyone any documents, materials or information designated or marked "CONFIDENTIAL" other than as set forth in the Protective Order.

I agree not to make any copies of any documents, materials or information designated or marked "CONFIDENTIAL" except in accordance with the Protective Order and to return all confidential documents to the party or attorney who provided them and to return or destroy all copies.

I agree not to make use of any confidential document under the Protective Order provided in this litigation for any purpose outside of this litigation.

I hereby consent to be subject to the personal jurisdiction and venue of the above-captioned Court with respect to any proceeding related to the Protective Order.

DATED this ____ day of _____, 2021.

                                                        _____
                                                        Name
                                                        Address:
                                                        Phone No: